IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-1707-L-BN |
| | § | |
| JUAN SILVA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff JP Morgan Chase, N.A. ("Plaintiff") brought a forcible detainer action in Texas state court against Juan Silva and all occupants ("Defendant") involving real property located in Grand Prairie, Texas (the "Property"). Plaintiff received a judgment for possession of the Property in Justice of the Peace Court. *See* Dkt. No. 11-1. Rather than perfect his appeal to the county court at law, *see* Dkt. No. 11-2, and before Plaintiff could obtain a final judgment, Defendant filed a notice of removal on May 3, 2013, *see* Dkt. No. 3.

After reviewing the notice of removal, the undersigned *sua sponte* questioned

-1-

whether removal is proper. As a result, the undersigned sent a questionnaire in order to permit Defendant to provide facts supporting either diversity jurisdiction or federal question jurisdiction in this case. *See* Dkt. No. 7. The questionnaire was sent on May 17, 2013, and the Court ordered Defendant to respond within 20 days of receipt. *See id.* at 1. Defendant failed to file a response to the interrogatories.

Plaintiff then filed its Motion to Remand on May 24, 2013, arguing that remand is appropriate because the Court lacks subject matter jurisdiction. *See* Dkt. No. 8. Defendant failed to respond to Plaintiff's motion, file any evidence, or allege any additional facts to establish that federal jurisdiction is proper.

## Legal Standards and Analysis

Plaintiff seeks to remand this case because (1) no federal question is raised by the complaint; (2) Defendant failed to meet his burden to establish that diversity jurisdiction exists; and (3) Defendant's removal contravened the forum-defendant rule. *See* Dkt. No. 8-1 at 3-4. The undersigned concludes that (1) Defendant has failed to meet his burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action and (2) that the case's removal contravenes Section 1441(b)'s forum-defendant rule.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature

if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff seeks remand on a number of bases, and the undersigned finds remand to be appropriate on the basis of the forum-defendant rule, as Plaintiff asserts. *See* Dkt. No. 8-1 at 4. Defendant has represented that he is a citizen of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 4, 12. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement is not established and no federal question was raised in Plaintiff's complaint.

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter "involves a *federal question*, the taking of real property without due process." Dkt. No. 3 at 2 (emphasis in original). Defendant's Notice of Removal

indicates that he intends to litigate the alleged federal law issue in this case. *See id.*

But Defendant has not established federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Defendant's removal papers make clear that, to support jurisdiction in this Court, he alleges a federal question based upon a defense and/or a counterclaim that he seeks to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 3 at 2 & 4. Yet a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's

complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendant has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. None of the papers that Defendant filed suggest, much less show, that Plaintiff raised any federal law causes of action, questions, or issues in the state court proceedings. *See* Dkt. No. 3. Accordingly, Defendant has failed to satisfy his burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no

basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *accord Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action.").

Defendant also claims that removal is proper under the diversity statute. *See* Dkt. No. 3 at 2. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Defendant does not point to any amount in controversy in the underlying state

action. The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue, not that property's fair market value. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the right exceeds $75,000. Accordingly, the undersigned determines that Defendant has failed to satisfy his burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction over the action.

Plaintiff also requests an award of its costs, expenses, and attorneys' fees incurred as a result of Defendant's removal. Dkt. No. 8 at 1-2; Dkt. No. 8-1 at 4. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within this Court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). While this case should have not been removed, the undersigned recommends that, in the interest of justice, the Court exercise its discretion to not award attorneys' fees and costs to Plaintiff in light of Defendant's *pro se* status. *See Elliott*, 2010 WL 4627833, at *5 (N.D. Tex. Nov. 16, 2010) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*).

-7-

**Recommendation**

The undersigned concludes that the removal of the action *JPMorgan Chase Bank, N.A. v. Juan Silva and All Occupants*, Case No. 3:13-cv-1707-L-BN, was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt. No. 8] and remanding the action to the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas, from which it was removed. However, the Court should decline to award Plaintiff its costs, expenses, and attorneys' fees incurred as a result of Defendant's removal pursuant to 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

-8-

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        DATED: July 5, 2013

                                    _____
                                    DAVID L. HORAN
                                    UNITED STATES MAGISTRATE JUDGE